UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHOENIX ENTERTAINMENT
PARTNERS, LLC, a North Carolina
LLC,

      Plaintiff,

v.                                   Case No: 2:16-cv-106-JES-CM

HOGBODYS OF NORTH FT.
MYERS, LLC, a Florida Limited
Liability Company, and BONNIE
SHAMBURGER, an Individual,

      Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Entry of Clerk's Default (Doc. 10), filed on March 8, 2016. Plaintiff Phoenix Entertainment, LLC ("Phoenix Entertainment") moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant Hogbodys of North Ft. Myers, LLC ("Hogbodys"), for failure to defend. Doc. 10 at 1. For the reasons that follow, the motion is due to be denied without prejudice.

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party

> effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).  Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d).  As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.  *Id.* § 48.081(3)(a).  "However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."  *Id.*  Section 48.091 requires every corporation to designate a registered agent and to "keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and [to] keep one or more registered agents on whom process may be served at the office during these hours."  Fla. Stat. §48.091(1)-(2).

Here, the Verified Return of Service (Doc. 7) states that on February 11, 2016, Phoenix Entertainment's process server delivered a true copy of the Summons, Complaint, Civil Cover Sheet, Related Case Order and Track Tow Notice, Notice of Pendency of Other Actions, Case Management Report, Interested Persons Order, and Attorney Letter on Theresa Raker, as manager of Hogbodys.  Doc. 7.  A search of the Florida Department of State, Division of Corporations' website reveals that Hogbodys' registered agent is Douglas Raker, 16691 Oak Grove Ct Alva, Florida 33920.[1]  Plaintiff does not advance any explanation as to why service was not attempted on the registered agent.  Alternatively, if service could not be made on the registered agent, Plaintiff has not explained why.  Even though Ms. Raker is a manager, there is no indication in the record that she has been appointed by Hogbodys as a registered agent.  As there is no indication that service was attempted on the registered agent, the Return of Service is insufficient to establish service of process.  See *PNC Bank Nat. Ass'n v. Orchid Grp. Investments*, L.L.C., No. 2:13-CV-12-FTM-99SPC, 2013 WL 870256 (M.D. Fla. Mar. 8, 2013); Lantana Ins., LTD. v. Tome, No. 610-CV-402-ORL-31DAB, 2010 WL 2869533, at 1 n. 1 (M.D. Fla. July 21, 2010); *White v. OSP, Inc.*, No. 2:13-CV-709-FTM-29CM, 2014 WL 2861488, at *1 (M.D. Fla. June 24, 2014)

---

[1] www.sunbiz.org.

-4-

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default against Defendant, Hogbodys of North Ft. Myers, LLC (Doc. 10) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of April, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record